IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT D. THOMAS,                              No. CIV S-07-1212-LEW-CMK-P

        Petitioner,

   vs.                                         FINDINGS AND RECOMMENDATIONS

SCOTT McKEE, et al.,

        Respondents.

                               /

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 17).  Petitioner has filed an objection.

        Petitioner challenges his parole revocation and his parole revocation hearing.  A parole revocation hearing was held on November 30, 2006.  Petitioner's parole was revoked and he was returned to custody for a nine-month sentence.  Respondent submits that petitioner served his time, and was released back on parole on or about July 28, 2007.  Petitioner has since violated the terms of his parole again, and has been returned to custody.

        In order for this court to have jurisdiction over this case, petitioner must satisfy two jurisdictional requirements: (1) petitioner must be in custody pursuant to the judgment of a

State court and (2) the petition must challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254. Respondent challenges petitioner's custodial status as he has served his custodial time pursuant to the parole revocation and was returned to parole. When a petitioner challenges a parole revocation, and he has completed the entire term of imprisonment underlying the parole revocation, he must affirmatively demonstrate "concrete injuries-in-fact attributable to his parole revocation" in order to avoid a finding of mootness. Spencer v. Kemna, 523 U.S. 1, 7, 14 (1998).

Here, petitioner has not provided the court with any collateral consequences attributable to the parole revocation he challenges. Petitioner argues that prior to bringing this action, he had to exhaust his remedies at the state level. The court agrees. Prior to challenging the process or conviction of his parole violation in this court, he had to exhaust his state remedies. See Rose v. Lundy, 455 U.S. 509 (1982). However, as petitioner has now served his time for this parole violation and has not provided the court with any collateral consequences, he has not satisfied the in custody requirement of § 2254. Accordingly this court has no jurisdiction to hear this case.

In addition, petitioner appears to argue that he violated his parole because he was not provided the services of an outpatient clinic for psychiatric treatment. Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985). Therefore, petitioner may be able to challenge the lack of services during parole under 42 U.S.C. § 1983, but such claims are not cognizable under § 2254.[1]

Based on the foregoing, the undersigned recommends that:

    1.    Respondent's motion to dismiss (Doc. 17) be granted;

    2.    The instant petition for a writ of habeas corpus be dismissed; and

---

[1] The undersigned expresses no opinion on the merits of petitioner's argument.

3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 7, 2008

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE