1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT D. THOMAS,                      No. CIV S-07-1212-LEW-CMK-P

12              Petitioner,

13        vs.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14   SCOTT McKEE, et al.,

15              Respondents.

16   _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.    Pending before the court is respondents' motion

19   to dismiss (Doc. 17).  Petitioner has filed an objection.

20              Petitioner challenges his parole revocation and his parole revocation hearing.  A

21   parole revocation hearing was held on November 30, 2006.  Petitioner's parole was revoked and

22   he was returned to custody for a nine-month sentence.  Respondent submits that petitioner served

23   his time, and was released back on parole on or about July 28, 2007.  Petitioner has since

24   violated the terms of his parole again, and has been returned to custody.

25              In order for this court to have jurisdiction over this case, petitioner must satisfy

26   two jurisdictional requirements: (1) petitioner must be in custody pursuant to the judgment of a

1

1  State court and (2) the petition must challenge the legality of that custody on the ground that it is

2  "in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254.

3  Respondent challenges petitioner's custodial status as he has served his custodial time pursuant

4  to the parole revocation and was returned to parole.  When a petitioner challenges a parole

5  revocation, and he has completed the entire term of imprisonment underlying the parole

6  revocation, he must affirmatively demonstrate "concrete injuries-in-fact attributable to his parole

7  revocation" in order to avoid a finding of mootness.  Spencer v. Kemna, 523 U.S. 1, 7, 14 (1998).

8        Here, petitioner has not provided the court with any collateral consequences

9  attributable to the parole revocation he challenges.  Petitioner argues that prior to bringing this

10  action, he had to exhaust his remedies at the state level.  The court agrees.  Prior to challenging

11  the process or conviction of his parole violation in this court, he had to exhaust his state

12  remedies.  See Rose v. Lundy, 455 U.S. 509 (1982).  However, as petitioner has now served his

13  time for this parole violation and has not provided the court with any collateral consequences, he

14  has not satisfied the in custody requirement of § 2254.  Accordingly this court has no jurisdiction

15  to hear this case.

16        In addition, petitioner appears to argue that he violated his parole because he was

17  not provided the services of an outpatient clinic for psychiatric treatment.  Where a prisoner

18  challenges the conditions of confinement, as opposed to the fact or duration of confinement, his

19  remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527,

20  531-32 (9th Cir. 1985).  Therefore, petitioner may be able to challenge the lack of services during

21  parole under 42 U.S.C. § 1983, but such claims are not cognizable under § 2254.[1]

22        Based on the foregoing, the undersigned recommends that:

23      1.    Respondent's motion to dismiss (Doc. 17) be granted;

24      2.    The instant petition for a writ of habeas corpus be dismissed; and

25

26      [1]    The undersigned expresses no opinion on the merits of petitioner's argument.

2

3.      The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED: May 7, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE